*E-filed 9/28/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA VALENCIA, | Case No. C05-05411 HRL |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PSYCHOLOGICAL EXAMINATION** |
| v. | |
| BY THE BAY INVESTMENTS, INC., et al. | **[Re: Docket No. 26]** |
| Defendants. | |

Defendants' Motion to Compel Psychological Examination was heard on September 26, 2006. Plaintiff did not appear. Having considered the defendants' papers and arguments, the Court grants Defendants' Motion.

## I. BACKGROUND

This is a Title VII sexual harassment case. Plaintiff alleges sexual harassment, touching and improper conduct on the part of defendants Javaherian and Miranda at a Managers Meeting and Awards Party in Reno, Nevada held by By the Bay, employer of plaintiff, Javaherian, and Miranda. After the conference, plaintiff allegedly told her district manager and human resource director about the incident. Plaintiff alleges that no significant action was taken and she was forced to leave the company. As a result, she has allegedly incurred special and general damages.

Now defendants seek an order compelling a mental examination, contending that

plaintiff has affirmatively put her mental condition in controversy. The examination is to be conducted by Dr. Paul S.D. Berg.

## II.  LEGAL STANDARD

"It is well established that a party seeking to compel the psychiatric evaluation of an adverse party must demonstrate that (1) the adverse party's mental condition is in controversy and (2) there is good cause for the examination." Ford v. Contra Costa County, 179 F.R.D. 579 (N.D. Cal. 1998) (citing Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964)); see also FED. R. CIV. P. 35(a).[1] The "in controversy" and "good cause" requirements of Rule 35(a) "are not met by mere conclusory allegations of the pleadings – nor by mere relevance to the case – but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Turner v. Imperial Stores, 161 F.R.D. 89, 91 (S.D. Cal. 1995) (quoting Schlagenhauf, 379 U.S. at 118).

"Most cases in which courts have ordered mental examinations pursuant to Rule 35(a) involve something more than just a claim of emotional distress." Turner, 161 F.R.D. at 93. Indeed:

> [C]ases suggest that courts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following:
> 1. A cause of action for intentional or negligent infliction of emotional distress;
> 2. An allegation of specific mental or psychiatric injury or disorder;
> 3. A claim of unusually severe emotional distress;
> 4. Plaintiff's offer of expert testimony to support a claim of emotional distress; and/or
> 5. Plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

---

[1] Rule 35(a) of the Federal Rules of Civil Procedure provides, in relevant part:

When the mental or physical condition...of a party... is in controversy, the court...may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner...The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

United States District Court
For the Northern District of California

1  Turner, 161 F.R.D. at 95.  See also Ford, 179 F.R.D. at 580 (agreeing that the party requesting a
2  mental examination must demonstrate the existence of one or more of the Turner factors) (citing
3  Turner, 161 F.R.D. at 95).

### III.  DISCUSSION

The Court finds that plaintiff's mental condition is "in controversy" and there is good cause for the psychological examination.  Plaintiff falls under one of the categories laid out in Turner by claiming unusually severe emotional distress.  In her complaint, plaintiff alleges that defendants' actions have continued to cause her "severe and extreme emotional distress." (Complaint ¶¶ 20, 5).  Moreover, in deposition testimony plaintiff reportedly alleges she suffers from ongoing depression and neurosis.  Further, according to defendant, plaintiff has sought help from a mental professional.  Because of the ongoing nature of her distress, the allegations of depression and neurosis, and her professional treatment, plaintiff's claims can justly be characterized as unusually severe emotional distress.  Therefore, her claims satisfy the Turner test and are sufficient to place her mental condition "in controversy."  See Turner, 161 F.R.D. at 95.

Defendants have also shown good cause for the examination.  There are no other means for defendants to obtain the information a psychological examination would provide.  Also, in order to refute plaintiff's claims, defendants must know the extent of her injures.

### IV.  ORDER

The court ORDERS plaintiff to submit to a psychological examination on October 4, 2006 at 10 a.m. The examination will be held at the office of Dr. Paul S.D. Berg, Ph.D. located at 400 29th Street, suite 315, Oakland, California 94609.  Such examination shall include evaluating and testing plaintiff's claims of emotional damage, post-traumatic effects, and effects of sexual discrimination.  The examination shall also evaluate and test plaintiff's employability and potential for rehabilitation.  The examiner may also conduct any other test which is ordinarily deemed a part of a general psychological examination.  Plaintiff shall answer all

proper questions submitted to her by the examiner, including relevant occupational history and prior injuries and diseases for the purpose of making a proper diagnosis of the plaintiff's condition. Defendants shall bear the costs of the examination.

Dated:      9/28/06

                                                /s/ Howard R. Lloyd
                                                HOWARD R. LLOYD
                                                UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1  THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

2  Patrick John Cimmarusti     cimmarustip@cwllaw.com
3  Curtis L. Metzgar           ecwlg7@earthlink.net

4  Gregory Tokarczyk
   161 Jackson Street
5  Suite 200
6  San Jose, CA 95112

7  * Counsel are responsible for providing copies of this order to co-counsel.

8  Date:    9/28/06                    /s/ JMM
9                                      Chambers of Magistrate Judge Howard R. Lloyd

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28