*E-filed 12/20/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA VALENCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>BY THE BAY INVESTMENTS, INC., et al,<br><br>    Defendants.<br>_____/ | No. C05-05411 HRL<br><br>**ORDER (1) DENYING MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND IMPOSING SANCTIONS, (2) SETTING FURTHER CASE MANAGEMENT CONFERENCE, AND (3) REQUIRING ASSOCIATED COUNSEL TO SECURE ADMISSION TO PRACTICE BEFORE THIS COURT AND TO REGISTER FOR ECF**<br><br>Re: Docket No. 36 |

**INTRODUCTION**

Maria Valencia brought suit in state court against her former employer, By the Bay Investments, and two individuals, Ali Javaherian and Jose Miranda, for sexual harassment and battery. Defendants removed the action to this court in December 2005. Counsel for plaintiff and defendants appeared on May 23, 2006 for a Case Management Conference, and the court set dates (including October 10, 2006 for close of fact discovery and February 20, 2007 for trial). Shortly thereafter, defendants took plaintiff's deposition. However, beginning in about that same time frame, difficulties arose with respect to the willingness or ability of plaintiff's attorney, Gregory Tokarczyk, to meet his obligations to his client and to the court.

In a nutshell, Mr. Tokarczyk dropped out of sight. He could not be contacted either by

defense counsel or the court's chambers staff.  Defendants kept propounding written discovery, which went unanswered.  This court's orders requiring discovery compliance were ignored.  The discovery deadline came and went.  In understandable frustration, defendants moved to dismiss the action for failure to prosecute.  Mr. Tokarczyk did not oppose the motion or appear at the hearing.  The motion was taken under submission.

This court, deeply concerned because its orders had been ignored, issued an Order to Show Cause re: Contempt to Mr. Tokarczyk.  Fortunately, he did appear at the November 28th hearing and also submitted a declaration seeking to explain his months long pattern of misfeasance.  He had been ill on account of bipolar disorder and chemical dependance.  In September he had entered a four month residential program in Mississippi and had obtained an emergency leave in order to return to California and respond to the Order to Show Cause.  He acknowledged that the failure to prosecute the case (and to obey the various court orders concerning discovery) was his alone and not his client's.  He promised that he would either obtain a new attorney to represent plaintiff or associate an attorney fully capable of meeting all litigation responsibilities in the event his own medical problems persisted.  Acknowledging that defendants had been put to extra expense because of him, he signified his willingness to pay reasonable expenses if the court would deny the motion to dismiss and allow the case back on track.  Just prior to the hearing on the Order to Show Cause Mr. Tokarczyk registered for electronic case filing (ECF).  A few days after the hearing he filed a Notice of Association of Counsel.  Newly associated counsel is Richard Hamm.

## LEGAL STANDARD

Under Fed. R. Civ. P. 41(b), a defendant may move for dismissal for failure to prosecute. When determining whether to dismiss a case for lack of prosecution, a district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994).

//

**DISCUSSION**

In this case, the factors of expeditious resolution of litigation and efficient management of the court's docket weigh in favor of dismissal.  But, the policy of deciding a case on its merits does not.  Are the defendants prejudiced?  They assert that the passage of the five or six months in question dimmed the memory of witnesses.  But they do not identify the "witnesses" who were affected and offer no specifics and no reason why they could not have taken the statements or depositions of witnesses long ago.  Any "delay" in obtaining plaintiff's medical records (because, apparently, plaintiff has not responded to written discovery seeking her doctors' names and addresses) seems entirely unlikely to result in prejudice to defendants.

Finally, less drastic sanctions are available.  At the court's invitation, defense counsel submitted an itemized list of attorney fees and costs incurred as a result of Mr. Tokarczyk's derelictions.  The claimed sum is $7,244.70.  The court has carefully reviewed the list and determined that some items do not apply and others represent costs for discovery motions that the court previously declined to award.  The court allows $3747.60 and requires Mr. Tokarczyk to promptly pay that amount, as sanctions, to defendants.

**CONCLUSION**

1. The motion to dismiss is denied;

2. Mr. Tokarczyk shall pay sanctions to defendants in the amount of $3747.60;

3. The clerk of the court is directed to forward a copy of this order to the California State Bar Association (although this does not excuse Mr. Tokarczyk's obligation to self-report the sanctions, CAL. BUS. & PROF. CODE § 6068(o)(3) (West 2006)).

4. A further case management conference will be held on **January 30, 2007**.  The parties shall file a joint case management statement by **January 22, 2007**.

//
//
//
//
//

3

5.   Associated counsel Richard Hamm shall immediately secure admission to practice before this court and register for ECF.[1]

**IT IS SO ORDERED.**

Dated:  December 20, 2006



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1]   The court expects Mr. Hamm from here on to shoulder joint responsibility for the timely and efficient prosecution of this case.

4

THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

Patrick John Cimmarusti pjcimmar@yahoo.com

Curtis L. Metzgar ecwlg7@earthlink.net,

Gregory John Tokarczyk gtokarczyk@sbcglobal.net

Richard Hamm
Law Offices of Richard Hamm
12 S. First Street
Suite 809
San Jose, CA 95113

\* Counsel are responsible for providing copies of this order to co-counsel.

Date:    12/20/06                              /s/ JMM
                                         Chambers of Magistrate Judge Howard R. Lloyd