*E-filed 12/20/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA VALENCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>BY THE BAY INVESTMENTS, INC., et al,<br><br>    Defendants.<br>_____/ | No. C05-05411 HRL<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE RE CONTEMPT**<br><br>Re: Docket No. 39 |

The court ordered Gregory Tokarczyk, attorney of record for plaintiff Maria Valencia, to appear in court on November 28, 2006 and show cause, if any, why he should not be punished for disobedience of court orders as set forth below. Mr. Tokarczyk appeared personally, offering an oral response, and also submitted a written declaration to the court. Counsel for defendants was present telephonically.

**ALLEGED CONDUCT CONTITUTING CONTEMPT**

Mr. Tokarczyk had failed to register with the court's Electronic Case Filing (ECF) system, as required by General Order No. 45. At a May 23 case management conference, the court ordered completion of initial disclosures by May 30 and told Mr. Tokarczyk to promptly register with ECF. He did neither.

In July, defendants moved to compel initial disclosures. The moving papers were properly served upon Mr. Tokarczyk at his address of record. On August 29, he failed to

appear for the hearing. He did not file written opposition, request a continuance of the hearing or contact the court or opposing counsel to explain his non-appearance. The court granted the motion to compel and ordered plaintiff to file and serve her initial disclosures by September 5. The court also ordered $600 sanctions against Mr. Tokarczyk and his client, to be paid forthwith to the attorneys for defendants. He did not comply with the court's orders.

On August 29, the court issued an Order to Show Cause (OSC) requiring that Mr. Tokarczyk appear in person on September 5, 2006 at 10:00 a.m. to explain why he should not be sanctioned for failure to register with the court's ECF system. The OSC was properly served upon him at his address of record. He failed to appear as ordered on September 5. He did not file a written response to the OSC, request a continuance, or contact the court or opposing counsel with any explanation.

In August, defendants moved to compel a psychiatric evaluation of plaintiff and to compel responses to interrogatories and requests for production. The moving papers were properly served upon Mr. Tokarczyk at his address of record. On September 26, he failed to appear for the hearing on these motions. He did not file written oppositions, request a continuance of the hearing or contact the court or opposing counsel prior to the hearing to explain his non-appearance. Instead, after the hearing, he contacted the court's chambers staff by phone, stating that he was going on disability and inactivating his law license. He stated that he would move the court the following week for time for his client to find a new lawyer. He did not do so. The court granted both motions to compel, ordering plaintiff to submit to a psychological exam and to respond to the interrogatories and requests for production. The orders were properly served upon Mr. Tokarczyk at his address of record. He did not comply with the court's orders, and plaintiff did not appear for her examination.

**MR. TOKARCZYK'S RESPONSE**

At the hearing and in his written declaration, Mr. Tokarczyk explained that he had been ordered by the California State Bar Lawyers Assistance Program to undergo four months of medical treatment at a facility in Mississippi. He stated that he had been temporarily disabled due to medical conditions including bipolar disorder and chemical dependance. His illness had

interfered with his ability to manage his cases and accounted for his admitted failure to follow the orders of the court. He offered to associate counsel or substitute out of the case. (In fact, he subsequently did associate counsel to represent plaintiff.)

In a later declaration, Mr. Tokarczyk stated that he had finally sent a check for $600 to defense counsel, in satisfaction of the court's August sanctions.

## DISCUSSION

The court commends Mr. Tokarczyk for obtaining aggressive treatment for his illnesses. On the other hand, the court cannot wholly overlook the fact that his failures to comply with orders from this court have interfered with the orderly prosecution of this case, needlessly inconveniencing the court and causing defendant to incur certain unnecessary costs. In a separate order, the court required Mr. Tokarczyk to pay sanctions to defendants in an amount that would reasonably cover those costs. The court does CENSURE Mr. Tokarczyk, but because it concludes that his illnesses were a proximate cause of his interference with the processes of the court, it declines to hold him in contempt. The order to show cause is discharged.

**IT IS SO ORDERED.**



Dated: December 20, 2006

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

Patrick John Cimmarusti pjcimmar@yahoo.com

Curtis L. Metzgar ecwlg7@earthlink.net,

Gregory John Tokarczyk gtokarczyk@sbcglobal.net

Richard Hamm
Law Offices of Richard Hamm
12 S. First Street
Suite 809
San Jose, CA 95113

\* Counsel are responsible for providing copies of this order to co-counsel.

Date: 12/20/06    /s/ JMM
                  Chambers of Magistrate Judge Howard R. Lloyd